**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Najib A Hodge,<br><br>    Plaintiff,<br><br>v.<br><br>NAPA Genuine Auto Parts, et al.,<br><br>    Defendants. | No. CV-25-02242-PHX-JAT<br><br>**ORDER** |

There are two Defendants in this case: NAPA Genuine Auto Parts ("NAPA") and DoorDash, Inc. Default has been entered against NAPA for failing to answer or otherwise defend. (Doc. 26). On January 22, 2026, DoorDash, Inc. moved to compel arbitration and stay this case. (Doc. 29).

Following the entry of default against NAPA, Plaintiff moved for entry of default judgment. (Doc. 28). Plaintiff seeks damages in the amount of $16,383,350.00. (*Id.*) For this Court to enter default judgment, it must weigh the factors in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Plaintiff's motion fails to address the *Eitel* factors.

Additionally, even if the *Eitel* factors favor the entry of default, this case is complicated by the fact that there is another, non-defaulted Defendant who is defending. First, this Court should not enter default if another defendant is defending the same claims. *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532-33 (9th Cir. 2001). Plaintiff does not address why this prohibition on mid-case default does not apply in this case.

Next, this Court cannot enter a partial judgment (a judgment that addresses less than

all claims against all defendants) unless the Court certifies there is "no just reason for delay." *See* Fed. R. Civ. P. 54(b).  Generally, the Ninth Circuit Court of Appeals has held that a district court should not certify there is no just reason for delay under Rule 54(b) and enter a partial judgment when the whole case arises from the same set of facts. *See Gomez v. EOS CCA*, CV 18-2740-PHX-JAT (D. Ariz. Aug. 12, 2020) (discussing at length when Rule 54(b) certification is justified).  Plaintiff does not address why the entry of a partial judgment in this case is appropriate.

As a result, Plaintiff's motion for entry of default judgment against NAPA will be denied, without prejudice to refiling the motion and addressing all of the foregoing.  The Court will not put any deadline on refiling because Plaintiff may determine that the foregoing cases require him to wait until the claims against DoorDash, Inc. are resolved before moving for default judgment against NAPA.  If Plaintiff decides to refile his motion before the claims against DoorDash, Inc. are resolved, DoorDash, Inc. may respond to/oppose the entry of default judgment if DoorDash, Inc. wishes to argue that its litigation position would be adversely impacted by the entry of default judgment against NAPA.

Thus,

**IT IS ORDERED** that the motion for entry of default judgment (Doc. 28) is denied without prejudice. [1]

Dated this 22nd day of January, 2026.

James A. Teilborg
Senior United States District Judge

---

[1] In future filings, both parties must acknowledge that this is not a single Defendant case. Specifically, while the Court will not take up the substance of DoorDash's pending motion in this Order, the Court notes that DoorDash seeks the relief of "an order compelling Plaintiff Najib Hodge [] to submit his claims in the *above-captioned matter* to mandatory and binding arbitration, and staying *this action* pending arbitration." (Doc. 29 at 1) (emphasis added).  Upon the Court's quick review of DoorDash's motion, DoorDash seems to fail to acknowledge there is another Defendant in this case and how that Defendant's presence impacts the appropriate remedies.