**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Najib A. Hodge, | No. CV-25-02242-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| NAPA Genuine Auto Parts, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Najib A. Hodge's Motion for Leave to File Sur-Reply (Doc. 40) to Defendant DoorDash, Inc.'s ("DoorDash") Reply in Support of DoorDash's Motion to Compel Arbitration and Stay Proceedings. For the reasons explained below, the Court will deny Plaintiff's Motion.

The rules do not expressly allow parties to file sur-replies. *See Armenta v. Spencer*, No. CV-16-00697-TUC-DCB, 2018 WL 4698648, at *1 (D. Ariz. Oct. 1, 2018) ("There is no provision for Sur-replies."). However, the Ninth Circuit Court of Appeals has held that "[w]here new evidence is presented in a reply to a motion . . . , the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (quoting *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990)); *ML Liquidating Tr. v. Mayer Hoffman McCann P.C.*, No. 2:10-cv-02019-RRB, 2011 WL 10451619, at *1 (D. Ariz. Mar. 11, 2011). Even so, sur-replies are "highly disfavored" and allowed only "in the most extraordinary circumstances." *Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM,

2010 WL 5364783, at *8 (D. Ariz. Dec. 21, 2010) (internal quotation marks and citations omitted); *ML Liquidating Tr.*, 2011 WL 10451619, at *1; *Zhang v. Voice of Guo Media Inc.*, No. CV-21-01079-PHX-SMB, 2023 WL 7045853, at *1 (D. Ariz. Jan. 3, 2023).

"In determining whether to allow a sur-reply, a 'district court should consider whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted.'" *Sebert v. Ariz. Dep't of Corr.*, No. CV-16-354-PHX-ROS (ESW), 2016 WL 3456909, at *1 (D. Ariz. June 17, 2016) (quoting *Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014)).

Here, Plaintiff argues that DoorDash's Reply improperly "raises new arguments, introduces new factual assertions, and mischaracterizes Plaintiff's Response in ways that could not have been anticipated." (Doc. 40 at 1). Having reviewed DoorDash's Motion to Compel Arbitration, the Declaration of Shawn Master (the "Master Declaration"), Plaintiff's Response, and DoorDash's Reply, the Court finds that DoorDash's Reply does not introduce any new arguments or factual assertions.

Plaintiff argues that DoorDash's Reply raises new factual assertions "regarding the Master Declaration, including claims of personal knowledge, screenshots, and account-specific data not raised in the Motion." (Doc. 40 at 2; Doc. 40-1 at 1–2). However, the Court finds that DoorDash's Motion and the Master Declaration attached to the Motion clearly alleged personal knowledge and included screenshots and information about the creation of Plaintiff's Dasher account. (Doc. 29 at 3–4; Doc. 29-1 at 1, 3–4).

Plaintiff also argues that DoorDash's Reply raises a new "clickwrap" argument for contract formation. However, DoorDash explicitly discussed "clickwrap agreements" in its Motion. (Doc. 29 at 11). Moreover, DoorDash's baseline argument is that a contract was formed. The use of new terms in the Reply such as "sign-in wrap" or the "reasonable user" standard does not amount to a new argument. (Doc. 39 at 5–6).

Additionally, Plaintiff argues that DoorDash's Reply raises new arguments under the Federal Arbitration Act (the "FAA") "concerning piecemeal litigation and multi-

defendant posture." (Doc. 40 at 2). As Plaintiff also points out, the Court's January 22, 2026 Order (Doc. 30 at 2 n.1) specifically directed DoorDash to address how the presence of another Defendant impacts DoorDash's Motion to Compel Arbitration. (Doc. 40-1 at 3). Thus, this argument cannot be considered "raised" by DoorDash for the first time in its Reply because it was "raised" by the Court's Order. The Court's Order was issued before Plaintiff filed his Response, and Plaintiff specifically argued in his Response that arbitration is not appropriate because there are multiple Defendants in this case. (Doc. 38 at 13). Plaintiff had an opportunity to address the impact of having multiple Defendants, and thus no unfairness will result on this ground if Plaintiff is not permitted to file a sur-reply. *See Provenz*, 102 F.3d at 1483 ("[T]he district court should not consider [new evidence presented in a reply] *without giving the nonmovant an opportunity to respond*." (emphasis added) (cleaned up)).

Moreover, the Court finds that Plaintiff's proposed sur-reply would not be helpful to the resolution of the pending motion. *See Sebert*, 2016 WL 3456909, at *1. And to the extent Plaintiff argues that DoorDash "mischaracterizes" his response, this is not an appropriate basis for a sur-reply. *ML Liquidating Tr.*, 2011 WL 10451619, at *1 ("Sur-replies, however, are generally discouraged 'as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" (quoting *Sims*, 2010 WL 5364783, at *8)).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Sur-Reply (Doc. 40) is **denied**.

Dated this 19th day of February, 2026.

James A. Teilborg
Senior United States District Judge

- 3 -