**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Najib A Hodge,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NAPA Genuine Auto Parts, et al.,<br><br>　　　　　Defendants. | No. CV-25-02242-PHX-JAT<br><br>**ORDER SEVERING PLAINTIFF'S CLAIMS AGAINST DEFENDANT NAPA GENUINE AUTO PARTS** |

Plaintiff Najib A. Hodge brought this action against Defendants NAPA Genuine Auto Parts ("NAPA") and DoorDash, Inc. ("DoorDash"). (Doc. 11). NAPA has failed to appear or otherwise defend this action, and on December 29, 2025, the Clerk of the Court entered NAPA's default pursuant to Rule 55(a). (Doc. 26). This Court's January 22, 2026 Order (Doc. 30) denied without prejudice Plaintiff's first application for entry of default judgment (Doc. 25) because Plaintiff failed to address the legal standard for default judgment, Rule 54(b), or the multi-defendant posture in this case. The Court's March 18, 2026 Order (Doc. 43) granted DoorDash's Motion to Compel Arbitration and stayed the proceedings as to DoorDash only. *See Smith v. Spizzirri*, 601 U.S. 472 (2024). Thereafter, Plaintiff filed a Second Motion for Default Judgment as to NAPA (Doc. 44), which the Court has not yet ruled on.

For the reasons explained below, the Court hereby severs the claims against NAPA pursuant to Federal Rule of Civil Procedure 21.

## I.    DISCUSSION

"As a general matter, Rule 21 severance creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability." *Maddox v. Cnty. of Sacramento*, 2006 WL 3201078, at * 2 (E.D. Cal. Nov. 3, 2006). "Under Federal Rule of Civil Procedure 21, the court has authority to sever parties or claims from an action *sua sponte*." *Plotts v. Am. Honda Motor Co.*, 2024 WL 5347470, at *2 (C.D. Cal. Nov. 27, 2024); Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000) (noting that district courts have broad discretion regarding severance).

"Rule 21 . . . authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance." *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968); *Khanna v. State Bar of Cal.*, 2007 WL 2288116, at *2 (N.D. Cal. Aug. 7, 2007) (quoting *Wyndham*). "As long as there is a discrete and separate claim, the district court may exercise its discretion and sever it." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000); *Khanna*, 2007 WL 2288116, at *2 ("Claims may be severable under Rule 21 if they arise from different factual situations or pose different legal questions."). Moreover, "a court may order severance *sua sponte* 'when it will serve the ends of justice and further the prompt and efficient disposition of litigation.'" *Green Tech. Lighting Corp. v. Liberty Surplus Ins. Corp.*, 2018 WL 1053529, at *6 (D. Idaho Feb. 26, 2018) (internal citations omitted) (quoting *Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.*, 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011)); *Khanna*, 2007 WL 2288116, at *2. "Further, '[f]airness is a critical consideration in determining whether severance is appropriate[,]' and therefore it must be determined whether any party would suffer prejudice." *Maddox*, 2006 WL 3201078, at * 2 (alterations in original) (quoting *Pena v. McArthur*, 889 F. Supp. 403, 407 (E.D. Cal. 1994)).

Although Plaintiff's claims against DoorDash and NAPA arose from the same incident such that joinder was appropriate at the outset of this case, *see* Fed. R. Civ. P.

20(a), the stay of Plaintiff's claims against DoorDash pending arbitration (Doc. 43) and the entry of default against NAPA (Doc. 26) have transformed the procedural posture of this case such that severance of the claims against NAPA will reduce case manageability issues and promote the prompt and efficient disposition of litigation.

Specifically, any future dispute between Plaintiff and DoorDash is governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and is limited to the pending arbitration rather than the merits of Plaintiff's claims. Once a court determines that a valid arbitration agreement exists and the dispute is arbitrable, the role of the court "is strictly limited to . . . enforcing agreements to arbitrate, leaving the merits of the claim and any defenses to the arbitrator." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000) (quoting *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991)). The Supreme Court has recently instructed that when a party moves to stay rather than dismiss a case during arbitration, this Court must allow the case to remain open throughout arbitration and thereafter in case either party wishes to petition this Court to confirm, modify, or vacate the arbitration award. *Smith v. Spizzirri*, 601 U.S. 472 (2024); 9 U.S.C. §§ 9, 10. In reviewing the arbitration award, "the court should give considerable leeway to the arbitrator, setting aside his or her decision only in certain narrow circumstances." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Therefore, this Court's involvement in the dispute between Plaintiff and DoorDash, and any future appeal of such dispute, would involve different factual and legal questions than Plaintiff's claims against NAPA. *See Khanna*, 2007 WL 2288116, at *2.

Moreover, the Court finds it unlikely that any party will be prejudiced by severance. Because NAPA has failed to appear or otherwise defend this action, the Court cannot discern any prejudice to NAPA resulting from severance. *See id.* at *3. As to Plaintiff, the Court finds that Plaintiff is at a greater risk of prejudice in the absence of severance. This is because the stay of Plaintiff's claims against DoorDash limits (or at least immensely complicates) Plaintiff's ability to obtain judgment against NAPA as well as the procedural mechanisms available to Plaintiff, such as seeking leave to amend the complaint. Severance

will allow the Court to consider Plaintiff's Motion for Default Judgment as to NAPA (Doc. 44) independent from the stay as to DoorDash, which will result in a more prompt and efficient resolution of Plaintiff's claims as to NAPA. Additionally, Plaintiff is proceeding in forma pauperis and will not incur any additional filing fees. (Doc. 8).

Regarding DoorDash, the Court's January 23, 2026 Order (Doc. 30) notified DoorDash that if Plaintiff moved for default judgment against NAPA, DoorDash "may respond to/oppose the entry of default judgment if DoorDash, Inc. wishes to argue that its litigation position would be adversely impacted by the entry of default judgment against NAPA." (Doc. 30 at 2). DoorDash did not file any such opposition or response to Plaintiff's second Motion for Default Judgment as to NAPA (Doc. 44). Additionally, Plaintiff's claims against NAPA arise from the alleged incident of racial discrimination itself, while Plaintiff's claims against DoorDash appear to arise primarily from the aftermath of the incident; Plaintiff's Amended Complaint (Doc. 11) alleges claims of public accommodation discrimination and negligent supervision against NAPA, and claims of contractual discrimination, retaliation, and breach of good faith and fair dealing against DoorDash. (Doc. 11 at 7–8; Doc. 15 at 4–6).

Because the claims against each Defendant do not overlap, and severance will further the prompt and efficient disposition of litigation with minimal prejudice to the parties, the Court finds it appropriate to sever the claims against NAPA.

## II.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims against Defendant NAPA are **SEVERED** from this case but remain pending in this Court. The Clerk of Court shall open a new case and assign a new case number for Plaintiff's claims against Defendant NAPA Genuine Auto Parts (only). The new case shall be directly assigned to the undersigned. *See* LRCiv 42.1(e)(1)–(3). Plaintiff's in forma pauperis status (*see* Doc. 8) shall continue in the new case. All claims against NAPA will proceed under the newly assigned case number. The claims between Plaintiff and Defendant DoorDash remain pending (and stayed, *see* Doc.

43) in this case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file only Docs. 1–22, 25–26, 28–30, 38, 39, and 43–45 in the new case. This Order shall be filed both in this case and the new case. Any documents filed prior to this Order that were not transferred to the new case number can be found in case No. CV-25-02242-PHX-JAT.

**IT IS FINALLY ORDERED** that Plaintiff's pending Motion for Default Judgment (Docs. 44, 45) is terminated in this case and will be pending in the newly assigned case.

Dated this 4th day of May, 2026.

James A. Teilborg
Senior United States District Judge

- 5 -